UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION – MDL No. 1789

MASTER FILE:
1:06-MD-01789-JFK-JCF

_______________________________________

*This Document Relates To:*
TOBY SINGER and ROBERT SINGER,

CASE NO: 1:07-civ-3862

Plaintiffs,

v.

MERCK & CO., INC., PROCTER & GAMBLE PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,

Defendants.

_______________________________________/

**MOTION FOR LEAVE TO AMEND COMPLAINT TO CORRECT NAME OF PLAINTIFF HUSBAND**

COME NOW the Plaintiffs, TOBY SINGER and her husband, ROBERT RUDOLPH (incorrectly named ROBERT SINGER in the Complaint) by and through their undersigned attorneys, and file this Motion to Amend Plaintiffs' Complaint to correct the name of the Plaintiff husband from ROBERT SINGER to ROBERT RUDOLPH and for grounds therefore states as follows:

1. Plaintiffs have informed undersigned counsel that the correct name of the husband Plaintiff is ROBERT RUDOLPH.

2. Defense counsel has no objection to the granting of this motion.

3. Attached to this motion is the proposed Amended Complaint reflecting the correct name of the husband Plaintiff.

WHEREFORE Plaintiffs, TOBY SINGER and ROBERT RUDOLPH, respectfully request that this Court enter an Order amending Plaintiffs' Complaint to reflect the correct name of the Plaintiff husband, to-wit: ROBERT RUDOLPH and to deem the attached proposed amended complaint filed as of the date of said order.

I HEREBY CERTIFY that on September 21, 2007 I electronically filed the foregoing with the Clerk of the Court by using he CM/ECF system which will send a notice of electronic filing to the following:

HUGHES HUBBARD & REED LLP
Attorneys for Def., Merck & Co., Inc.
Norman C. Kleinberg
Theodore V.H. Mayer
William J. Beausoleil
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

FULBRIGHT & JAWORSKI LLP
Attorneys for Defs. Procter & Gamble & Sanofi-Aventis
James H. Neale
666 Fifth Avenue
New York, NY 10103-3198
212-318-3000

FULBRIGHT & JAWORSKI LLP
Of Counsel for Procter & Gamble & Sanofi-Aventis
Terry O. Tottenham
Lana K. Varney
600 Congress Avenue, Suite 2400
Austin, TX 78701
512-536-5201

Jonathan Sabghir
Sawgrass Legal Center, PA
Co-counsel for Plaintiffs
7118 Southgate Blvd.
North Lauderdale, FL 33068

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK,
LIBERMAN & McKEE, P.A.
Attorneys for Plaintiffs
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181 Fax: 954-763-8292
jholden@krupnicklaw.com

*/s/ Jacquelyn S. Holden*
BY:________________________________
JACQUELYN S. HOLDEN, ESQUIRE
JH7473

and

Jonathan M. Sabghir, Esquire
Sawgrass Legal Center, P.A.
7118 Southgate Boulevard
North Lauderdale, FL 33068

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION – MDL No. 1789

| | | |
|---|---|---|
| ----------------------------------- | X | MASTER FILE: |
| *This Document Relates To:* TOBY SINGER and ROBERT RUDOLPH | : | 1:06-MD-01789-JFK-JCF |
| Plaintiffs, | : | Civil Action No.: 1:07-cv-03862-UA |
| v. | : | |
| MERCK & CO., INC., PROCTER & GAMBLE PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC., | : | **AMENDED COMPLAINT** |
| Defendant. | : | **JURY TRIAL DEMANDED** |
| ----------------------------------- | X | |

Plaintiffs TOBY SINGER and ROBERT RUDOLPH ("Plaintiffs"), by their attorneys, for their Complaint against defendant Merck & Co., Inc. ("Merck"), Procter & Gamble Pharmaceuticals, Inc. ("P&GP") and Aventis Pharmaceuticals, Inc. ("Aventis") (also, collectively, "defendants"), allege:

1. This is a civil action for damages suffered by Plaintiff TOBY SINGER as a result of her being prescribed and ingesting Merck's drug Fosamax and being prescribed and ingesting P&GP and Aventis' drug Actonel.

**PARTIES**

2. Plaintiff TOBY SINGER was born June 27, 1941. At all relevant times Plaintiffs were residents of Deerfield Beach, Florida. At all relevant times Plaintiff, TOBY SINGER was married to ROBERT RUDOLPH.

3. At all times herein mentioned, Defendant Merck was and is a New Jersey corporation, with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889-0100.

4. At all times herein mentioned, Defendant P&GP was and is a Ohio corporation, with its principal place of business at One Proctor Gamble Plaza, Cincinnati, Ohio 45202-3393.

5. At all times herein mentioned, Defendant Aventis was and is a Delaware corporation, with its principal place of business at 200 Crossing Boulevard, Bridgewater, New Jersey 08807.

6. At all times herein mentioned, Defendant did business in the State of Florida.

**JURISDICTION**

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiff is a citizen of a State which is different from the State where defendant is incorporated and has its principal place of business.

**FACTUAL BACKGROUND**

8. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

9. Fosamax is the brand name of alendronate sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is taken orally.

10. Fosamax was approved by the United States Food and Drug Administration for treatment of osteoporosis.

11. The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

12. In 2002 or before, Merck knew or should have known that a physician reported that several of his patients who were given Aredia, another bisphosphonate, were diagnosed with osteonecrosis of the jaw and that the physician believed a causal relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

13. Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, also a bisphosphonate. The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients" and determined that "bisphosphonates may be at least partially responsible." Ruggiero, et

al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

14. In September 2004 and May 2005, another manufacturer sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of its bisphosphonates, Aredia and Zometa.

15. Merck never issued any warnings or changed its product literature to warn of the risk of osteonecrosis of the jaw.

16. Plaintiff, TOBY SINGER, was prescribed and took Fosamax.

17. As a result of taking Fosamax, Plaintiff developed severe personal injury to the jaw.

18. As a result of taking Fosamax Plaintiff suffered compensable injuries, including but not limited to the following:

a. severe and permanent physical and medical injuries and associated disabilities;

b. severe past and future pain and suffering;

c. severe past and future mental anguish;

d. loss of enjoyment of life;

e. increased risk of health problems;

f. past and future medical care and monitoring; and

g. loss of past and future income.

19. P&GP and Aventis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel.

20. Actonel is the brand name of risedronate sodium, which is in a class of prescription drugs called bisphosphonates. Actonel is taken orally.

21. Actonel was approved by the United States Food and Drug Administration for treatment of osteoporosis.

22. The product literature prepared by P&GP and Aventis and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

23. In 2002 or before, P&GP and Aventis knew or should have known that a physician reported that several of his patients who were given Aredia, another bisphosphonate, were diagnosed with osteonecrosis of the jaw and that the physician believed a causal relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

24. Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, also a bisphosphonate. The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients" and determined that "bisphosphonates may be at least partially responsible." Ruggiero, et al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

25. In September 2004 and May 2005, another manufacturer sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of its bisphosphonates, Aredia and Zometa.

26. P&GP and Aventis never issued any warnings or changed their product literature to warn of the risk of osteonecrosis of the jaw.

27. Plaintiff, TOBY SINGER, was prescribed and took Actonel.

28. As a result of taking Actonel, Plaintiff developed severe personal injury to the jaw.

29. As a result of taking Actonel Plaintiff suffered compensable injuries, including but not limited to the following:

a. severe and permanent physical and medical injuries and associated disabilities;

b. severe past and future pain and suffering;

c. severe past and future mental anguish;

d. loss of enjoyment of life;

e. increased risk of health problems;

f. past and future medical care and monitoring; and

g. loss of past and future income.

## FIRST CLAIM FOR RELIEF

**[Strict Product Liability - Design Defect]**

30. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

31. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

32. Fosamax as designed, manufactured and sold by Merck was defective in design or formulation in that it was unreasonably dangerous.

33. Fosamax as designed, manufactured and sold by Merck was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

34. Fosamax as designed, manufactured and sold by Merck was defective due to inadequate warnings because Merck knew or should have known that the product created a risk of harm to consumers.

35. Fosamax as designed, manufactured and sold by Merck was defective due to inadequate testing.

36. As the proximate cause and result of the defective condition of Fosamax as designed, manufactured and sold by Merck, Plaintiff was injured.

37. P&GP and Aventis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel.

38. Actonel as designed, manufactured and sold by P&GP and Aventis was defective in design or formulation in that it was unreasonably dangerous.

39. Actonel as designed, manufactured and sold by P&GP and Aventis was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

40. Actonel as designed, manufactured and sold by P&GP and Aventis was defective due to inadequate warnings because P&GP and Aventis knew or should have known that the product created a risk of harm to consumers.

41. Actonel as designed, manufactured and sold by P&GP and Aventis was defective due to inadequate testing.

42. As the proximate cause and result of the defective condition of Actonel as designed, manufactured and sold by P&GP and Aventis, Plaintiff was injured.

43. Plaintiff, TOBY SINGER's spouse, ROBERT RUDOLPH, sustained a loss of consortium as a result of the injuries and damages sustained by his wife incident to the use of Fosamax and Actonel. His damages include, but are not limited to, a loss of society, companionship, services, support and care. His losses are permanent and continuing in nature.

**SECOND CLAIM FOR RELIEF**

**[Strict Product Liability - Failure To Warn]**

44. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

45. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

46. Fosamax as designed, manufactured and sold by Merck was not accompanied by proper warnings regarding possible adverse side effects.

47. Merck knew or should have known about the possible adverse side effects of Fosamax, including osteonecrosis of the jaw.

48. As the proximate cause and result of Merck's failure to properly warn physicians and consumers, Plaintiff was injured.

49. P&GP and Aventis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel.

50. Actonel as designed, manufactured and sold by P&GP and Aventis was not accompanied by proper warnings regarding possible adverse side effects.

51. P&GP and Aventis knew or should have known about the possible adverse side effects of Actonel, including osteonecrosis of the jaw.

52. As the proximate cause and result of P&GP and Aventis' failure to properly warn physicians and consumers, Plaintiff was injured.

53. Plaintiff, TOBY SINGER's spouse, ROBERT RUDOLPH, sustained a loss of consortium as a result of the injuries and damages sustained by his wife incident to the use of Fosamax and Actonel. His damages include, but are not limited to, a loss of society, companionship, services, support and care. His losses are permanent and continuing in nature.

**THIRD CLAIM FOR RELIEF**

**[Negligence]**

54. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

55. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

56. Merck had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax, including a duty to assure that users, like Plaintiff, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

57. Merck failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax in that Merck knew or should have known that Fosamax created an unreasonable risk of osteonecrosis of the jaw.

58. Merck was negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax.

59. As the proximate cause and result of Merck's negligence, Plaintiff was injured.

60. P&GP and Aventis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel.

61. P&GP and Aventis had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Actonel, including a duty to assure that users, like Plaintiff, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

62. P&GP and Aventis failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Actonel in that P&GP and Aventis knew or should have known that Actonel created an unreasonable risk of osteonecrosis of the jaw.

63. P&GP and Aventis were negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Actonel.

64. As the proximate cause and result of P&GP and Aventis' negligence, Plaintiff was injured.

65. Plaintiff, TOBY SINGER's spouse, ROBERT RUDOLPH, sustained a loss of consortium as a result of the injuries and damages sustained by his wife incident to the use of Fosamax and Actonel. His damages include, but are not limited to, a loss of society, companionship, services, support and care. His losses are permanent and continuing in nature.

## FOURTH CLAIM FOR RELIEF

**[Breach of Express Warranty]**

66. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

67. Merck expressly warranted, by and through statements made by Merck or its authorized agents, that Fosamax was safe, effective, and fit for its intended use.

68. Plaintiff, and her agents, relied on the skill, judgment and representations of Merck.

69. Fosamax did not conform to Merck's express warranties in that it was not safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

70. As the proximate cause and result of Merck's breach of its express warranties, Plaintiff was injured.

71. P&GP and Aventis expressly warranted, by and through statements made by P&GP and Aventis or their authorized agents, that Actonel was safe, effective, and fit for its intended use.

72. Plaintiff, and her agents, relied on the skill, judgment and representations of P&GP and Aventis.

73. Actonel did not conform to P&GP and Aventis' express warranties in that it was not safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

74. As the proximate cause and result of P&GP and Aventis' breach of their express warranties, Plaintiff was injured.

75. Plaintiff, TOBY SINGER's spouse, ROBERT RUDOLPH, sustained a loss of consortium as a result of the injuries and damages sustained by his wife incident to the use of Fosamax and Actonel. His damages include, but are not limited to, a loss of society, companionship, services, support and care. His losses are permanent and continuing in nature.

## FIFTH CLAIM FOR RELIEF

**[Breach of Implied Warranty]**

76. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

77. Merck impliedly warranted to Plaintiff, and her agents, that Fosamax was of merchantable quality and was safe and fit for its intended use.

78. Plaintiff, and her agents, relied on Merck's skill and judgment.

79. Fosamax was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

80. As the proximate cause and result of Merck's breach of its implied warranties, Plaintiff was injured.

81. P&GP and Aventis impliedly warranted to Plaintiff, and her agents, that Actonel was of merchantable quality and was safe and fit for its intended use.

82. Plaintiff, and her agents, relied on P&GP and Aventis' skill and judgment.

83. Actonel was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including severe personal injury to the jaw.

84. As the proximate cause and result of P&GP and Aventis' breach of its implied warranties, Plaintiff was injured.

85. Plaintiff, TOBY SINGER’s spouse, ROBERT RUDOLPH, sustained a loss of consortium as a result of the injuries and damages sustained by his wife incident to the use of Fosamax and Actonel. His damages include, but are not limited to, a loss of society, companionship, services, support and care. His losses are permanent and continuing in nature.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, TOBY SINGER and ROBERT RUDOLPH, respectfully pray for relief and judgment against the Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) attorneys' fees, expenses, and costs of this action; and

(c) for any other relief this Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK, LIBERMAN & McKEE, P.A.
Attorneys for Plaintiffs
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181 Fax: 954-763-8292
jholden@krupnicklaw.com

*/s/ Jacquelyn S. Holden*
BY:________________________________
JACQUELYN S. HOLDEN, ESQUIRE
(JH7473)

and

Jonathan M. Sabghir
SAWGRASS LEGAL CENTER, P.A.
7118 Southgate Boulevard
North Lauderdale, FL 33068